# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LADELL A. EVANS,<br><br>                   Plaintiff,<br>v.<br><br>C.O. ROBINSON, FSM BLACKBURN, T. ROZMARYNOSKI, SGT. K. RACE, SGT. T. TAYSON, KELLI WILLARD-WEST, and JOHN DOES #1-3,<br><br>                   Defendants. | Case No. 25-CV-377-JPS<br><br><br>**ORDER** |

Plaintiff Ladell Evans, an inmate confined at Green Bay Correctional Institution ("GBCI"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. ECF No. 1. This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

**1. MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On June 2, 2025, the Court ordered Plaintiff to pay an initial partial filing fee of $7.02. ECF No. 9. Plaintiff paid that fee on June 18, 2025. The

Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. ECF No. 3. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

## 2. SCREENING THE COMPLAINT

### 2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right

was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff brings this case against Defendants C.O. Robinson ("Robinson"), FSM Blackburn ("Blackburn"), T. Rozmarynoski ("Rozmarynoski"), Sgt. K. Race ("Race"), Sgt. D. Tayson ("Tayson"), Kelli Willard-West ("Willard-West"), and John Does #1-3, ("Does"). ECF No. 1 at 1. Plaintiff was housed in the restrictive housing unit ("RHU") at GBCI. *Id.* at 3. On January 30, 2025, Warden Stevens approved Plaintiff for a religious diet for solar fasting. *Id.* On February 2, 2025, Plaintiff told Robinson that he was fasting during the day and that he needed to receive his meals after sunset. *Id.* For the next three days, Robinson and the Does came to offer Plaintiff meals during the day; Plaintiff declined since he was not allowed to eat during daylight hours. *Id.* After sunset, Plaintiff would ask for his food, and Robinson and the Does would say that Plaintiff refused food. *Id.*

Plaintiff spoke to Tayson and Race about his religious food issues, and they took no action to help Plaintiff. *Id.* at 4. Plaintiff was forced to violate his religious beliefs because Willard-West delayed resolving Plaintiff's issue. *Id.* After being starved for three days, Plaintiff sought help from Rozmarynoski. *Id.* Rozmarynoski ignored Plaintiff's pleas for help. *Id.* Plaintiff also wrote to Blackburn for help; Blackburn did not respond. *Id.* Ater Plaintiff wrote to the Warden's Office for help, Blackburn lied to the warden and the inmate complaint examiner and indicated that the problem

was being resolved. *Id.* As of the time of Plaintiff's complaint, Plaintiff continued to miss bag meals or have his religious meals messed up in some way. *Id.* Plaintiff seeks both injunctive relief and monetary damages as relief. *Id.* at 7.

**2.3    Analysis**

First, the Court finds that Plaintiff may proceed against Robinson, Blackburn, Rozmarynoski, Race, Tayson, Willard-West, and the Does for a First Amendment Free Exercise Clause claim. The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." U.S. Const. amend. I. Incarcerated persons "clearly retain protections afforded by the First Amendment," including a limited right to freely exercise their religion. *See O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987) (quotation omitted); *Tarpley v. Allen County*, 312 F.3d 895, 898 (7th Cir. 2002). To proceed under the Free Exercise Clause, the plaintiff must show that prison officials "intentionally and substantially interfere[d] with [his] ability to practice his faith" and that the prison's restriction was not "reasonably related to a legitimate penological interest." *Garner v. Muenchow*, 715 F. App'x 533, 536 (7th Cir. 2017) (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)). The Seventh Circuit has held that intentionally forcing an incarcerated person "to choose between foregoing adequate nutrition or violating a central tenent of his religion" creates a substantial burden on that inmate's free exercise of his religion. *Thompson v. Holm*, 809 F.3d 376, 380 (7th Cir. 2016).

Here, Plaintiff alleges that these defendants failed to provide him with his approved religious meals for an extended period of time. At the early pleading stage, the Court will allow Plaintiff to proceed on a First

Page 4 of 9
Case 2:25-cv-00377-JPS    Filed 06/27/25    Page 4 of 9    Document 10

Amendment free exercise claim against Robinson, Blackburn, Rozmarynoski, Race, Tayson, Willard-West, and the Does.

Second, the Court finds that Plaintiff can proceed on a Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, claim. RLUIPA "provides that a federally funded prison may not 'impose a substantial burden on the religious exercise' of an inmate unless it can prove that doing so is the least restrictive means of furthering [a] compelling governmental interest.'" *West v. Radtke*, 48 F.4th 836, 844 (7th Cir. 2022) (citing 42 U.S.C. § 2000cc-1(a)). An incarcerated person whose religious exercise has been burdened in violation of RLUIPA "may sue for injunctive or declaratory relief." *Id.* (citing *Charles v. Berhagen*, 348 F.3d 601, 606 (7th Cir. 2003)). But relief under RLUIPA is not available against individual public employees. The statute permits relief only against "governmental bodies that receive federal funds and accept the conditions attached by the statute." *See Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011); *see also Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012) (RLUIPA claims against individual prison employees in their official capacities are barred by sovereign immunity and claims against employees in their personal capacities are barred because "[RLUIPA] does not create a cause of action against state employees in their personal capacity.")

Here, Plaintiff alleges that GBCI has placed a substantial burden on his religion by forcing him to choose between adequate nutrition or violating his religious fasting requirements; injunctive relief may be available to him as the issue was ongoing at the time the complaint was drafted. As such, the Court will allow Plaintiff to proceed on a RLUIPA claim. The Court therefore considers the proper defendant for such a claim. On a claim for injunctive relief, the question is whether the defendant has

Page 5 of 9
Case 2:25-cv-00377-JPS    Filed 06/27/25    Page 5 of 9    Document 10

any authority to grant the relief requested. *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011); *Williams v. Doyle*, 494 F. Supp. 2d 1019, 1024 (W.D. Wis. 2007). For now, the Court will assume that GBCI Warden Christopher Stevens ("Stevens") can grant Plaintiff relief under RLUIPA. The Court will therefore instruct the Clerk of Court to add Stevens as a defendant and Plaintiff may proceed against him on a RLUIPA claim.

### 3. CONCLUSION

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claims pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** First Amendment free exercise claim against Robinson, Blackburn, Rozmarynoski, Race, Tayson, Willard-West, and the Does.

**Claim Two:** A RLUIPA claim against Stevens.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled, "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Defendants should take note that, within forty-five (45) days of service of this Order, they are to file a summary judgment motion that raises all exhaustion-related challenges. The Court will issue a scheduling order at a later date that embodies other relevant deadlines.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 3, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the Clerk of Court add Defendant Warden Christopher Stevens to the docket;

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the complaint and this Order have been electronically transmitted to the Wisconsin Department of Justice for service on Defendants **Robinson, Blackburn, Rozmarynoski, Race, Tayson, Willard-West, and Stevens;**

**IT IS FURTHER ORDERED** that under the informal service agreement, those Defendants shall file a responsive pleading to the complaint within sixty (60) days;

**IT IS FURTHER ORDERED** that Defendants raise any exhaustion-related challenges by filing a motion for summary judgment within forty-five (45) days of service;

**IT IS FURTHER ORDERED** if Defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. Defendants should take care to explain the reasons why they intend to move to dismiss the complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendants file a motion to dismiss, Plaintiff is hereby warned

that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $342.98 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 27th day of June, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.