# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LADELL A. EVANS,

                Plaintiff,

v.

TRAVIS ROBINSON, WILLIAM BLACKBURN, TONIA ROZMARYNOSKI, KENDRA RACE, DONALD TAYSON, KELLI R. WILLARD WEST, JOHN DOES #1-3, and WARDEN CHRISTOPHER STEVENS,

                Defendants.

Case No. 25-CV-377-JPS

**ORDER**

      Plaintiff Ladell A. Evans ("Plaintiff"), an inmate confined at Green Bay Correctional Institution ("GBCI"), filed a pro se complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. ECF No. 1. On June 27, 2025, the Court screened Plaintiff's complaint and allowed it to proceed on the following two claims: (1) First Amendment free exercise claim against Defendants Travis Robinson ("Robinson"), William Blackburn ("Blackburn"), Tonia Rozmarynoski ("Rozmarynoski"), Kendra Race ("Race"), Donald Tayson ("Tayson"), Kelli R. Willard West ("Williard West"), and John Does ("Does"); and (2) a RLUIPA claim against Warden Christopher Stevens ("Stevens"). ECF No. 10 at 6.

      On August 11, 2025, Defendants filed a motion for partial summary judgment based on the failure to exhaust administrative remedies. ECF No. 17. Plaintiff filed a brief in opposition on September 3, 2025. ECF No. 23. Defendants filed a reply brief on September 16, 2025. ECF No. 24. The

motion for partial summary judgment is now fully briefed, and for the reasons discussed below, the Court will deny Defendants' motion for partial summary judgment.

## 1. STANDARD OF REVIEW

### 1.1 Summary Judgment

Federal Rule of Civil Procedure 56 provides that the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The Court construes all facts and reasonable inferences in the light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016).

### 1.2 Exhaustion of Prisoner Administrative Remedies

The Prison Litigation Reform Act ("PLRA") establishes that, prior to filing a lawsuit complaining about prison conditions, a prisoner must exhaust "such administrative remedies as are available." 42 U.S.C. § 1997e(a). To do so, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). He must do so precisely in accordance with those rules; substantial compliance does not satisfy the PLRA. *Id.*; *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). A suit must be dismissed if it was filed before exhaustion was complete, even if exhaustion is achieved before judgment is entered. *Perez v. Wis. Dep't of*

*Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). The exhaustion requirement furthers several purposes, including restricting frivolous claims, giving prison officials the opportunity to address situations internally, giving the parties the opportunity to develop the factual record, and reducing the scope of litigation. *Smith v. Zachary*, 255 F.3d 446, 450–51 (7th Cir. 2001). Failure to exhaust administrative remedies is an affirmative defense to be proven by a defendant. *Westefer v. Snyder*, 422 F.3d 570, 577 (7th Cir. 2005).

### 1.2.1 Inmate Complaint Review System

The Wisconsin Department of Corrections (the "DOC") maintains an inmate complaint review system ("ICRS") to provide a forum for administrative complaints. Wis. Admin. Code § DOC 310.04. The ICRS "allow[s] inmates to raise in an orderly fashion issues regarding department policies, rules, living conditions, and employee actions that personally affect the inmate or institution environment, including civil rights claims." *Id.* § DOC 310.01(2)(a). Before commencing a civil action or special proceedings, "inmate[s] shall exhaust all administrative remedies the [DOC] has promulgated by rule." *Id*. § DOC 310.05.

There are two steps an inmate must take to exhaust the available administrative remedies. First, the inmate must file an offender complaint with the Institution Complaint Examiner ("ICE") within fourteen days of the events giving rise to the complaint. *Id.* § DOC 310.07(2). The ICE may reject the complaint or return the complaint to the inmate and allow him or her to correct any issue(s) and re-file within ten days. *See id.* § DOC 310.10(5),(6). If the complaint is rejected, the inmate may appeal the rejection to the appropriate reviewing authority within ten days. *Id.* § DOC

310.10(10).[1] If the complaint is not rejected, the ICE issues a recommendation of either dismissal or affirmance to the reviewing authority. *Id.* § DOC 310.10(9),(12). The reviewing authority ("RA") will affirm or dismiss the complaint, in whole or in part, or return the complaint to the ICE for further investigation. *Id.* § DOC 310.11(2).

Second, if the ICE recommends, and the RA accepts, dismissal of the complaint, the inmate may appeal the decision to the Corrections Complaint Examiner ("CCE") within fourteen days. *Id.* §§ DOC 310.09(1), 310.12. The CCE issues a recommendation to the Secretary of the Department of Corrections, who may accept or reject it. *Id.* §§ DOC 310.12(2), 310.13. The inmate exhausts this administrative process when he or she receives the Secretary's decision. *Id.* § DOC 310.13(2),(3). If the inmate does not receive the Secretary's written decision within ninety days of the date of receipt of the appeal in the CCE's office, the inmate shall consider the administrative remedies to be exhausted. *Id.* § DOC 310.13(4).

## 2. RELEVANT FACTS

Defendants' motion for partial summary judgment addresses the issue only of whether Plaintiff exhausted his administrative remedies as to the First Amendment claim against Williard-West. The Court accordingly finds the following facts relevant to the disposition of the issue at hand.

### 2.1 Plaintiff's Allegations

Plaintiff was housed in the restrictive housing unit at GBCI. ECF No. 1 at 3. On January 30, 2025, Stevens approved Plaintiff for a religious diet

---

[1] The ICRS defines a "reviewing authority" as "a person who is authorized to review and decide an inmate complaint." Wis. Admin. Code § DOC 310.03(15).

for solar fasting. *Id.* On February 2, 2025, Plaintiff told Robinson that he was fasting during the day and that he needed to receive his meals after sunset. *Id.* For the next three days, Robinson and the Does came to offer Plaintiff meals during the day; Plaintiff declined since he was not allowed to eat during daylight hours. *Id.* After sunset, Plaintiff would ask for his food, and Robinson and the Does would say that Plaintiff refused food. *Id.*

Plaintiff spoke to Tayson and Race about his religious food issues, and they took no action to help Plaintiff. *Id.* at 4. Plaintiff was forced to violate his religious beliefs because Willard-West delayed resolving Plaintiff's issue. *Id.* After being starved for three days, Plaintiff sought help from Rozmarynoski. *Id.* Rozmarynoski ignored Plaintiff's pleas for help. *Id.* Plaintiff also wrote to Blackburn for help; Blackburn did not respond. *Id.* After Plaintiff wrote to the Warden's Office for help, Blackburn lied to the warden and the inmate complaint examiner and indicated that the problem was being resolved. *Id.* As of the time of Plaintiff's complaint, Plaintiff continued to miss bag meals or have his religious meals messed up in some way. *Id.* at 5. As to Willard West, Plaintiff stated, "[b]y delaying/stalling to approve my religious diet, Kelli R. Willard-West violated my First Amendment right to practice my religious beliefs…." *Id.*

### 2.2. Exhaustion Facts

Plaintiff failed to respond to Defendants' proposed findings of fact, ECF No. 19. As such, the Court adopts Defendants' proposed findings of fact as undisputed for the purposes of this motion. *See* Fed. R. Civ. P. 56(e)(2). Plaintiff does not appear to dispute Defendants' facts. Instead, Plaintiff argues that he exhausted his administrative remedies through WRC-2024-16956, which the Court will discuss below.

Plaintiff's religious preference is Pagan. Willard West is the Corrections, Division of Adult Institutions ("DAI") Religious Practices Coordinator and chair of the Religious Practices Advisory Committee. Willard West works at the DOC Central Office in Madison, Wisconsin.

On January 30, 2025, Plaintiff's request to adopt a new religious practice of "solar fasting" was granted. Plaintiff described solar fasting as "where a person does not eat from sunrise to sunset." In Willard West's role, she provides input to requests for religious accommodations by inmates. She supported Plaintiff's request for solar fasting.

On February 4, 2025, Plaintiff filed a complaint, GBCI-2025-1817, arguing that institution staff were not allowing him to comply with his solar fasting rules. In this complaint, Plaintiff described solar fasting as where a person does not eat from sunrise to sunset. On February 5, 2025, the ICE rejected Plaintiff's complaint as moot, citing that, after talking with staff, the institution was complying with Plaintiff's solar fasting request. On February 14, 2025, the institution's reviewing authority, Deputy Warden J. Perttu, reviewed the rejection and agreed with the outcome.

On February 17, 2025, Plaintiff filed another complaint with the ICE, GBCI-2025-2411. Plaintiff's one issue referenced Blackburn allegedly failing to supervise kitchen staff. In this complaint, Plaintiff argued that Blackburn was failing to supervise kitchen staff in order to provide Plaintiff with a solar fasting diet. On February 25, 2025, the ICE rejected GBCI-2025-2411 as moot, which was echoed by the warden on March 11, 2025 in the reviewing authority's decision.

Plaintiff submitted his civil complaint in this action on March 10, 2025. Plaintiff filed three more administrative complaints regarding solar

fasting, all of which were decided after commencing this legal action (GBCI-2025-3394, GBCI-2025-4703, GBCI-2025-6467).

In response to Defendants' motion for partial summary judgment, Plaintiff argues that he exhausted his administrative remedies as to Willard West through inmate complaint WRC-2024-16956. Plaintiff submitted this inmate complaint on November 19, 2024. ECF No. 25-1 at 11. In this complaint, Plaintiff identifies his one issue as a violation of his religious rights and that the remedy he sought was to be given his religious fasting diet. *Id.* In describing the details of this issue, Plaintiff stated: "I am not being given my religious diet. I am not being denied but am be[sic] stalled to a point that it should be considered a denial. I have answered all of RPAC questions and no one is responding…." The ICE recommended dismissing this complaint, and the Warden dismissed the complaint. *Id.* at 2–3. On appeal, the CCE recommended affirming the complaint. *Id.* at 6. Plaintiff's complaint was affirmed on February 27, 2025, by the office of the Secretary because the delay in approving Plaintiff's request was not reasonable. ECF No. 23-1; ECF No. 25-1 at 7.

3.  **ANALYSIS**

Defendants request partial summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies as to the First Amendment claim against Willard West before filing this case. Defendants do not argue that Plaintiff failed to exhaust his administrative remedies as to the remaining defendants and the RLUIPA claim. ECF No. 18. Defendants argue, however, that Plaintiff failed to exhaust his claim against Willard West "because he never complained about her alleged delay in resolving his issue in any complaint he submitted before filing this lawsuit." *Id.* at 1.

One purpose of the exhaustion requirement is to permit prison officials the opportunity to address inmate concerns internally before an inmate initiates litigation. *Woodford v. Ngo,* 548 U.S. 81, 89 (2006); *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020). Exhaustion "promotes efficiency because a claim can generally be resolved much more quickly in an administrative proceeding than in litigation in federal court." *Schillinger*, 954 F.3d at 995. To provide notice of the conduct complained of, an inmate's complaint must contain the information required by the prison's administrative rules. *Strong v. David*, 297 F.3d 646, 649 (7th Cir. 2002). Where those rules are silent, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Id.* at 650; *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004). An inmate need not state "facts, articulate legal theories, or demand particular relief," nor must he name each potential defendant, so long as the grievance "object[s] intelligibly to some asserted shortcoming." *Strong,* 297 F.3d at 650; *Riccardo*, 375 F.3d at 524. In this way, the approach to interpreting inmate complaints is akin to the federal notice pleading system. *Dye v. Kingston*, 130 F. App'x 52, 55 (7th Cir. 2005). Wisconsin's administrative rules provide little guidance as to the required contents of an inmate complaint; however, those rules do require that offender complaints "[c]ontain only one issue per complaint, and [] clearly identify the issue." Wis. Admin. Code DOC § 310.09(1)(e).

Here, the Court agrees with Plaintiff that his WRC-2024-16956 inmate complaint exhausted his First Amendment claim against Willard West. Defendants argue that Plaintiff's claims in this case are limited to prison staff's conduct *after* Plaintiff's religious diet was approved. However, Plaintiff's complaint clearly states that "[b]y delaying/stalling to approve my religious diet, Kelli R. Willard-West violated my First

Amendment right to practice my religious beliefs…." ECF No. 1 at 5. Plaintiff's inmate complaint WRC-2024-16956 was explicitly about the lengthy delay in responding to Plaintiff's request for a religious diet. *See* ECF No. 25-1 at 11 ("I am being stalled to a point that it should be considered a denial."); *id.* at 13 ("It has been <u>two</u> years since I put in to renew my solar fasting diet. I understand these things take time, but 2 yrs is far to[sic] long."). The Court finds that Plaintiff's inmate complaint gave prison officials the opportunity to resolve the issue of Willard West's delay in approving his religious diet. As such, the Court will accordingly deny Defendants' motion for partial summary judgment.

4. **CONCLUSION**

For the reasons explained above, the Court will deny Defendants' motion for partial summary judgment, ECF No. 17. The Court will issue a scheduling order in due course.

Accordingly,

**IT IS ORDERED** that Defendants' motion for partial summary judgment based on exhaustion, ECF No. 17, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 26th day of November, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge